UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT CLEVELAND MITCHELL III,
on behalf of all present and future similarly-
situated MDOC inmates,

        Plaintiff,                       Case No. 1:07-cv-92

v.                                             Honorable Robert Holmes Bell

PATRICIA L. CARUSO et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the court will dismiss Plaintiff's access to the courts and retaliation claims for failure to state a claim; decline to exercise jurisdiction over Plaintiff's state-law

claims; and order service of Plaintiff's remaining claim on Defendants. The Court will also deny Plaintiff's request for class certification.

## Discussion

### I.  Factual allegations

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) and is presently housed at the Southern Michigan Correctional Facility (JMF). In his *pro se* complaint, Plaintiff sues MDOC Director Patricia Caruso and Deputy Director Dennis Straub, and JMF Warden Sherry L. Burt.

Plaintiff alleges that Defendants have violated his constitutional rights by the initial enactment and subsequent enforcement of Director's Office Memorandum 2006-14 (DOM 2006-14). Enacted on December 14, 2006, DOM 2006-14 prohibits prisoners from entering into new legal assistance agreements because prisoners' abuse thereof "poses a threat to the custody and security of [correctional] institutions." (Compl. Ex. C). As noted in DOM 2006-14, prisoners with approved legal assistance agreements as of December 14, 2006 are allowed to provide and receive assistance thereunder until their expiration; eligible inmates continue to be entitled to the Legal Writer Program; and all inmates retain their existing privileges to the law library. (*Id.*)

Plaintiff alleges that DOM 2006-14: (1) is an "unconstitutional policy" in general; (2) violates prisoners' access to the courts; (3) was enacted in retaliation for prisoners' exercise of their right to access the courts; (4) violates prisoners' due process rights; (5) effectively allows only certain prisoners to obtain legal assistance; and (6) intentionally inflicts emotional distress on prisoners.

For relief, Plaintiff seeks a declaration that DOM 2006-14 and Defendants' retaliatory and discriminatory execution thereof violates the Due Process Clause and First Amendment, an injunction prohibiting Defendants' further enforcement of the policy against Plaintiff and class members, an injunction requiring Defendants to allow Plaintiff and other inmates to provide legal assistance to other prisoners, costs, and fees.

II.  Request for class action certification

Plaintiff describes himself as a "civil, constitutional, and human rights activist" in his complaint. He purports to bring this action on behalf of a class of "all present and future similarly-situated MDOC inmates," and requests class certification. (Compl., pp. 1, 3, 11-15, Relief Requested (a), docket #1; Motion for Class Certification, docket #5). For a case to proceed as a class action, the court must be satisfied on a number of grounds, including the adequacy of class representation. FED. R. CIV. P. 23(a)(4). The Fourth Circuit has held that incarcerated, *pro se* litigants are inappropriate representatives of the interests of others. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Sule v. Story*, No. 95-1422, 1996 WL 170156, at * 1 (10th Cir. Apr. 11, 1996) (collecting cases). In numerous unpublished decisions, the Sixth Circuit has followed the Fourth Circuit's decision in *Oxendine*. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); *Giorgio v. Tennessee*, No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996); *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at * 1 (6th Cir. Apr. 25, 1996); *Barnes v. Dunn*, No. 91-5889, 1991 WL 243553, at *1 (6th Cir. Nov. 21, 1991); *Stanko v. Story*, No. 90-6549, 1991 WL 73257, at *1 (6th Cir. May 7, 1991). Accordingly, because Plaintiff is an

incarcerated, *pro se* litigant, he is not an appropriate representative of a class. Plaintiff's request for class certification will therefore be denied. This action will proceed as an individual action.

### III. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

#### A. **Access to the courts**

Plaintiff claims that Defendants' enactment of DOM 2006-14 violates his First Amendment right to access the courts. (Compl. ¶¶ 17-19, 52-64). Prisoners have a well-established constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). While the right of access to the courts does not allow a state to prevent an inmate from bringing a grievance to court, it also does not require the state to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Lewis,* 518 U.S. at 351. Further, the right to access the courts may be limited by legitimate penological goals, such as maintaining security or preventing safety hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL

58975, at *1 (6th Cir. Mar. 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204, at *3 (6th Cir. Mar. 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025, at *1 (6th Cir. Nov. 8, 1985).

In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, at *1-*2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the conduct alleged has hindered, or is presently hindering, his efforts to pursue a nonfrivolous pending or contemplated legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Plaintiff fails to make a viable access to the courts claim because he cannot show the required actual injury. First, the only two specific actions Plaintiff contends have been affected by DOM 2006-14 are not in fact being hindered. Plaintiff argues that his pursuit of claims in *Mitchell v. State of Mich.*, No. 2:03-cv-74591 (E.D. Mich.), in which he challenges the constitutionality of the prison phone system, is somehow hindered by DOM 2006-14. (Compl. ¶ 53). *Mitchell v. State of Mich.* was administratively closed on June 30, 2005 to await the outcome of a proceeding before the Michigan Public Service Commission. *See Mitchell*, No. 2:03-cv-74591 (E.D. Mich., docket #60). Plaintiff provides no explanation as to how DOM 2006-14 could possibly be an impediment to a case that has been administratively closed to await decision from the Public Service Commission. As a result, he establishes no actual injury to his efforts in that case. As for Plaintiff's allegation that non-frivolous claims in *Hadix v. Caruso*, No. 4:92-cv-110 (W.D. Mich.), are somehow being hindered by DOM 2006-14, this is not Plaintiff's claim to make, given that he is

not a party to that action, and neither may he assert the rights of others. *See* Section II, above; *see also Hadix*, No. 4:92-cv-110 (W.D. Mich.).[1]  Second, Plaintiff's broad and unspecific assertions that DOM 2006-14 generally intrudes upon "political free speech," "expressive political activities," and "speech on matters of political, social, or other concerns" (Compl. ¶¶ 53, 72, 99), simply do not describe the type of nonfrivolous claims that qualify as "actual injur[ies]" under the First Amendment as required by *Bounds*. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) ("a prisoner's right to access the courts extends to *direct appeals, habeas corpus applications, and civil rights claims only*.") (Emphasis added).  Because Plaintiff cannot show actual injury or that he has suffered any litigation-related detriment, I recommend that his First Amendment access to the courts claim be dismissed with prejudice for failure to state a claim.

B.  **Retaliation**

Plaintiff also asserts retaliation in his *pro se* complaint.  He argues that Defendants enacted DOM 2006-14 in retaliation against him for exercising his First Amendment right to access the courts, thereby violating his First Amendment rights.  (Compl. ¶¶ 83-101).

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution.  *See Thaddeus-X*, 175 F.3d at 394.  To set forth a viable First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*  Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or

---

[1] It is furthermore highly doubtful that enforcement of DOM 2006-14 could possibly be hindering the pursuit of claims in *Hadix*, an active case in which the plaintiffs are represented by counsel and the Court recently issued a permanent injunction against the defendants.  (*See Hadix*, No. 4:92-cv-110 (W.D. Mich. Dec. 14, 2006)).

motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

To support his retaliation claim, Plaintiff first asserts that DOM 2006-14 was enacted very shortly after, and thus in direct response to, the December 2006 injunction entered in *Hadix* against some of the Defendants in this action. (Compl, ¶¶ 6, 7, 53, 84-89). Although the pursuit of civil rights claims against prison officials is constitutionally-protected conduct for which a prisoner cannot be retaliated against, *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002), the *Hadix* plaintiffs' exercise of their first amendment rights provides no support for Plaintiff's retaliation claim. As noted above, Plaintiff is not a party in *Hadix,* nor may he assert the rights of inmates in that case. As a result, Plaintiff cannot support his retaliation claim via the temporal proximity of Defendants' enactment of DOM 2006-14 to the November 2006 injunction entered in *Hadix*. Plaintiff furthermore fails to establish a causal connection between enactment of DOM 2006-14 and his pursuit of legal claims. *See Bell v. Ohio Adult Parole Auth.*, 23 F. App'x 478, 479 (6th Cir. 2001). Plaintiff therefore fails to establish a retaliation claim under the First Amendment.

C. **Fourteenth Amendment**

Upon initial review, the Court concludes that Plaintiff's Fourteenth Amendment claims are not subject to dismissal under 28 U.S.C. § 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(2).

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's access to the courts and retaliation claims fail to state a claim and

will therefore be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court further determines that Plaintiff is not an adequate class representative and will therefore deny his motion for class certification pursuant to FED. R. CIV. P. 23. The Court will order service of Plaintiff's Fourteenth Amendment claim on Defendants.

An Order consistent with this Opinion will be entered.


Date:     March 15, 2007                          /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  CHIEF UNITED STATES DISTRICT JUDGE