UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT C. MITCHELL, III,

                        Plaintiff,                      Case No. 1:07-cv-92

v.                                     Honorable Janet T. Neff

PATRICIA L. CARUSO et al.,

                        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. On March 15, 2007, this Court dismissed certain of Plaintiff's claims and ordered service of the remaining portions of Plaintiff's complaint on Defendants Patricia Caruso, Dennis Straub, and Sherry L. Burt. On May 3, 2007, Defendants filed a motion for summary judgment (docket #19) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (docket #23) on or about June 11, 2007. Defendants, in turn, filed a reply brief on June 18, 2007 (docket ##25, 34), and Plaintiff filed a surreply on July 5, 2007 (docket #31). Upon review, I recommend that Defendants' motion for summary judgment be denied.

## Applicable Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th

Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining if summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). "A mere scintilla of evidence is

insufficient; 'there must be evidence on which the jury could reasonably find for the [non-movant].'"

*Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see also Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

> [A] nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part on credibility considerations . . . . [I]nstead, the nonmoving party must present affirmative evidence to defeat a properly supported motion for summary judgment. [T]he party opposing summary judgment must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and . . . the opposing party may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof.

*Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004), *cert. denied*, 543 U.S. 1120 (2005) (citations omitted).

## Facts

   Plaintiff presently is incarcerated at Southern Michigan Correctional Facility ("JMF"). In his *pro se* complaint, he sues the Michigan Department of Corrections ("MDOC") Director Patricia Caruso, MDOC Deputy Director Dennis Straub, and JMF Warden Sherry L. Burt.

   In his complaint, Plaintiff alleges that Defendants have violated his constitutional rights by the initial enactment and subsequent enforcement of Director's Office Memorandum 2006-14 ("DOM 2006-14"). Enacted on December 14, 2006, DOM 2006-14 prohibits prisoners from entering into new legal assistance agreements because prisoners' abuse of such agreements "poses a threat to the custody and security of [correctional] institutions." (Compl. Ex. C). As noted in DOM 2006-14, prisoners with approved legal assistance agreements as of December 14, 2006 are allowed to provide and receive assistance thereunder until their expiration; eligible inmates continue to be entitled to the Legal Writer Program; and all inmates retain their existing privileges to the law

library.  (Compl. Ex. C.)  The adoption of DOM 2006-14 altered MICH. DEP'T OF CORR., Policy Directive 05.03.116 (eff. 2/19/91), which set forth strict procedures under which prisoners were entitled to enter into legal assistance agreements with other prisoners.  Compensation for such services was and is prohibited.

Plaintiff made a variety of allegations in his complaint: (1) DOM 2006-14 is an "unconstitutional policy" in general; (2) DOM 2006-14 violates prisoners' access to the courts; (3) DOM 2006-14 was enacted in retaliation for prisoners' exercise of their right to access the courts; (4) DOM 2006-14 violates prisoners' due process rights; (5) DOM 2006-14 effectively allows only certain prisoners to obtain legal assistance; and (6) DOM 2006-14 intentionally inflicts emotional distress on prisoners.  For relief, Plaintiff sought class certification, as well as declaratory and injunctive relief.

On initial review, the Court denied Plaintiff's request for class certification and dismissed for failure to state a claim Plaintiff's claims that he was being denied access to the courts and that the adoption of DOM 2006-14 was retaliatory.  The Court, however, ordered service of the remainder of the complaint on Defendants Patricia Caruso, Dennis Straub, and Sherry L. Burt.

### Discussion

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state

administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).  In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006).  "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

For all grievable issues, MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control  *Id.* at ¶ R.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶¶ R, X.  The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly.  Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original).  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent.  *Id.* at ¶ Y.

_____

[1]The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007.  However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

Defendants do not dispute that Plaintiff filed a grievance on the issue, which was rejected as nongrievable. Defendants also do not assert that Plaintiff should have appealed the rejection of his grievance through Step III. They concede that the grievance process is not an available administrative remedy for a challenge to the content of policy, such as that raised by Plaintiff. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130 ¶ E. They nevertheless argue that Plaintiff had an available administrative remedy that he failed to exhaust. Specifically, they contend that Plaintiff was required to direct his concerns to the Warden's Forum before filing his federal action. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130 ¶ E (identifying the Warden's Forum, *see* MICH. DEP'T OF CORR., Policy Directive 04.01.150, as the mechanism for prisoners to challenge

the content of a policy. They argue that, because the minutes of the Warden's Forum for JMF do not indicate that the issue was raised at any time since the policy was adopted, Plaintiff has failed to exhaust his available administrative remedies.

The content of administrative rules, policy directives, or Director's Office Memoranda may not be grieved. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E. However, if a prisoner is personally affected by the content of a policy and the prisoner has a concern with the policy, the prisoner may direct comments to the Warden's Forum through his unit representative. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E.

Plaintiff unquestionably challenges the content of the policy, not its particular application. Therefore, the issue is not grievable, but Plaintiff appears to have the right to request the issue be addressed at the Warden's Forum. However, under MICH. DEP'T OF CORR., Policy Directive 04.01.150, Plaintiff has no personal, direct right to bring an issue to the Warden's Forum. Housing unit representatives to the Warden's Forum are elected for six-month terms. MICH. DEP'T OF CORR., Policy Directive 04.01.150 ¶F. Each unit elects one housing unit representative of a minority race and one housing unit representative of a non-minority race. MICH. DEP'T OF CORR., Policy Directive 04.01.150 ¶ E. Only unit representatives have the ability to raise an issue in the Warden's Forum. MICH. DEP'T OF CORR., Policy Directive 04.01.150 ¶ J (authorizing housing unit representatives to submit any agenda items at least three business days before the monthly Warden's Forum meeting). While housing unit representatives are "encouraged to solicit input from those they represent and to give consideration to the views expressed," nothing in the policy requires a unit representative to bring a particular prisoner's concern to the Warden's Forum. MICH. DEP'T OF CORR., Policy Directive 04.01.150 ¶ K. Indeed, the policy prohibits unit representatives from

"us[ing] their position to present individual complaints to the administration."  MICH. DEP'T OF CORR., Policy Directive 04.01.150 ¶ K.

Plaintiff asserts that the Warden's Forum is not an available administrative remedy within the meaning of 42 U.S.C. § 1997e(a), since an individual's concern with the application of a policy is not properly brought before the Warden's Forum.  He asserts that, as a matter of practice, housing unit representatives will not bring individual complaints to the forum.  *See also* MICH. DEP'T OF CORR., Policy Directive 04.01.150 ¶ K.  Because he complains of the policy's individual effect, Plaintiff asserts that he is barred from raising the concern in the Warden's Forum.

A prisoner's subjective belief that he would not be granted relief in the prison grievance process ordinarily will not excuse his failure to exhaust.  *See Boyd v. Corrections Corp. of America*, 380 F.3d 989, 998 (6th Cir. 2004); *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir.2003) ("Exhaustion . . . requires a plaintiff to bring a grievance to the state before coming to federal court even when the state has made clear that it will not grant the relief requested."), *overruled in other part by Woodford v. Ngo,* 126 S. Ct. 2378 (2006).  Plaintiff, however, in his response to the Defendants' motion for summary judgment, represents that he is not the housing unit representative for his unit.  He introduces evidence that, on May 10, 2007, special elections were held for unit representative, resulting in the reelection of the existing minority unit representative with Plaintiff elected as the alternate minority representative.  Shortly after the elections, Plaintiff submitted an individual complaint regarding the abolishment of legal assistance agreements to the unit representatives for consideration at the Warden's Forum.  The current unit representatives, however, refused to use their position to present the complaint.  (Pl. Resp. to Mot. for Sum. J. at 4-5; Pl. Ex. 10, docket #23-3.)

-8-

I agree that, if available, the Warden's Forum could be considered an administrative remedy that is required to be exhausted. I am not persuaded, however, that a prisoner should be required to demonstrate that the issue was in fact raised in the Warden's Forum in order to demonstrate exhaustion. Because an individual prisoner has no right to demand that an issue be considered at the Warden's Forum, the simple fact that the issue was not raised in that forum is not dispositive of whether a prisoner failed to exhaust an *available* remedy. If the housing unit representatives are unwilling to raise the issue in the Warden's Forum, the remedy must be considered to be unavailable.

Defendants argue, however, that Plaintiff made no attempt to exhaust his remedy in the Warden's Forum until after he filed his federal action. As a result, they argue, the remedy was not exhausted prior to the filing of the federal action and must be dismissed under the reasoning of *Freeman*, 196 F.3d at 645, which requires that exhaustion be completed prior to the filing of the action.

Contrary to Defendants' characterization, however, the question is not whether Plaintiff exhausted the Warden's Forum procedure, but whether the procedure was in fact available to him. Defendants have failed to show that the Warden's Forum was available to Plaintiff. Plaintiff's own proofs demonstrate the remedy was unavailable. Regardless of when Plaintiff made his attempt to bring the issue to the Warden's Forum, the fact that the duly elected unit representatives declined to bring the issue to the Warden's Forum conclusively shows that the Warden's Forum was not an available administrative remedy, either before or after filing. If no remedy was available, no exhaustion was required.

-9-

As a result, I conclude that Defendants have not met their burden of pleading and proving that Plaintiff failed to exhaust an available administrative remedy.  On the evidence before the Court, no administrative remedies were available for the type of claim Plaintiff brings in the instant action.

### **Recommended Disposition**

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (docket #19) be denied.  I further recommend that Plaintiff's motion for sanctions (docket #36) be denied.


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 24, 2007


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).